UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHILDRESS, #365065,

        Plaintiff,

                              CASE NO. 2:10-CV-14821
v.                                  HONORABLE GERALD E. ROSEN

CHRISTOPHER COLE, et al.,

        Defendants.
_____/

### OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

#### I. Introduction

Michigan prisoner Robert Childress ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted him leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges his state criminal proceedings and asserts that his constitutional rights were violated in several ways while he was incarcerated at the Oakland County Jail. He names Oakland County Sergeant Christopher Cole, Oakland County Sheriff Michael Bouchard, the Oakland County Sheriff's Department, Allstate Insurance investigator Lori Davis, the president of Allstate Insurance, Macomb County Sheriff Mark Hackel, the Macomb County Sheriff's Department, Macomb County Deputy Sheriff Jim Hertel, and attorney Jerome Sabota as defendants in this action. He seeks monetary damages.

#### II. Discussion

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

1

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person

who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Having reviewed the complaint with these standards in mind, the Court concludes that the complaint is subject to summary dismissal.

The first part of Plaintiff's complaint, which includes conclusory claims of illegal search and seizure, perjury, false imprisonment, malicious prosecution, imprisonment for debt, legal malpractice, defamation and slander, due process and equal protection violations, and conspiracy, must be dismissed because Plaintiff challenges his state court criminal proceedings and resulting convictions – which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity

3

of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on the claims contained in the first part of his complaint, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

Additionally, Plaintiff's claims against the Oakland County Sheriff's Department and the Macomb County Sheriff's Department are frivolous. Those defendants are not legal entities subject to suit under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Motley v. McCaffrey*, No. 09-CV-12119, 2009 WL 1658045, *2 (E.D. Mich. June 10, 2009) (citing cases); *Sumner v. Wayne Co.*, 94 F. Supp. 2d 822 (E.D. Mich. 2000). Plaintiff's complaint against them must therefore be dismissed.

To the extent that Plaintiff sues the Allstate Insurance investigator and president and defense counsel, his complaint is also frivolous and/or fails to state a claim. The insurance company defendants are private individuals, not state actors subject to suit under § 1983. *See Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (a plaintiff may not generally proceed under § 1983 against a private party). Although there are circumstances under which private persons may, by their actions, become state actors for § 1983 purposes, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (discussing three tests for making such a determination), Plaintiff has not alleged any such facts. Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Moreover, "[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). Similarly, it is well-settled

that retained or appointed attorneys performing traditional functions as defense counsel are not acting "under color of state law" and are not state actors subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004). Plaintiff's claims against those three defendants must therefore be dismissed.

In the second part of his complaint, Plaintiff contests the conditions of his confinement at the Oakland County Jail. He asserts, in conclusory fashion, that the jail was unsanitary, that he was deprived of proper nutrition and medical care, that he was denied access to the courts, and that he was harassed, improperly sanctioned and reclassified to a higher security level based upon false reports. These claims, however, are duplicative and related to claims that Plaintiff has raised in another, previously-filed civil action, Case No. 10-CV-14587, which is pending before the Honorable Marianne O. Battani. This Court will not entertain duplicative or similar claims in two different cases. *See, e.g., Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (court may dismiss habeas petition as duplicative of pending petition when the second is essentially the same as the first). Accordingly, Plaintiff's claims concerning his confinement at the Oakland County Jail must be addressed in Case No. 10-CV-14587. Such claims shall therefore be dismissed without prejudice.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims challenging the fact of his confinement and that his claims against the county sheriff departments, the insurance company defendants, and defense counsel are frivolous. The Court further concludes that his claims

concerning his conditions of confinement at the Oakland County Jail are duplicative to those raised in Case No. 10-CV-14587. Accordingly, the Court **DISMISSES** the complaint. Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

  **IT IS SO ORDERED**.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: January 19, 2011

I hereby certify that a copy of the foregoing document was served upon Eugene Davidson, #351091, Parnall Correctional Facility, 1790 E. Parnall Road, Jackson, MI 49201 on January 19, 2011, by ordinary mail.

        s/Ruth A. Gunther
        Case Manager